**SO ORDERED.**

**SIGNED this 15 day of May, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MARK F. HOLZAPFEL,

DEBTOR.

CASE NO. 98–00109–8–ATS

CHAPTER 7

_____

### ORDER

This matter came before the court on Mark F. Holzapfel's ("debtor") amended motion for entry of an order directing Richard D. Sparkman ("trustee") to abandon certain property of the estate pursuant to § 554 of the Bankruptcy Code, to which Peter A. Halmos ("Halmos") has objected. A hearing on the matter was held on May 7, 2013 in Raleigh, North Carolina.

The debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 16, 1998 and the trustee was appointed to administer the case on January 18, 1998. On December 10, 1998, the Honorable A. Thomas Small entered a final decree stating that the debtor's estate had been fully administered and ordered that the case be closed.

Thereafter, the pending state court litigation in Florida that is the subject of the motion currently before the court was commenced against Halmos in the Circuit Court of the Fifteenth

1

Judicial Circuit for Palm Beach County, Florida ("state court litigation").  On December 11, 2009, the debtor filed a complaint initiating the state court litigation, which was subsequently amended on March 1, 2010, seeking general and special damages for breach of fiduciary duty and negligent misrepresentation.  The dispute underlying the state court litigation arose out of the debtor's alleged purchase of 24,000 shares of SafeCard, Inc. stock for approximately $120,000.00 in November 1977 from Halmos.  These shares, according to the complaint, were never registered in the debtor's name nor did he receive any dividends or distributions to which he was allegedly entitled, despite the occurrence of various stock splits, mergers and distributions over the thirty–three year period.

Approximately thirteen years after the petition date and during the pendency of the state court litigation, the trustee filed a motion to reopen the debtor's case on September 21, 2012.  The trustee contends that the case should be reopened based on his discovery of an additional asset subsequent to the closing of the case,[1] which was not previously administered.  On September 27, 2012, this court entered an order allowing the trustee's motion and reopened the debtor's case.[2]  Following this court's order reopening the debtor's case, the trial court assigned to the state court

---

[1] This asset was identified by the trustee in his motion to reopen the case as follows: "Possible recovery of stock interest (or abandonment of the same) arising out of litigation in Palm Beach County, State of Florida captioned Mark Holzapfel v. Peter A. Halmos, Case No. 502009CA041304ZZZZMBAE."

[2] Section 350 of the Bankruptcy Code, governing the closing and reopening of bankruptcy cases, states that a case shall be closed "[a]fter an estate is fully administered and the court has discharged the trustee," 11 U.S.C. § 350(a), but "may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause." Id. § 350(b); see id. § 554(c) ("Unless the court orders otherwise, any property scheduled . . . not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.").

litigation entered an order that deferred ruling on a pending supplemental motion for summary judgment filed by Halmos pending further action by the trustee or this court regarding the debtor's bankruptcy case.³

On April 8, 2013, the debtor filed the motion currently before the court, seeking an order directing the trustee to abandon any putative interest the estate holds in the claims asserted by the debtor against Halmos in the state court litigation. In his motion, the debtor asserts that the prosecution of these claims by the trustee is not economically feasible nor in the best interest of the estate and, therefore, justify abandonment. On April 18, 2013, Halmos filed an objection, requesting that the debtor's motion be denied.

Section 541(a)(1) of the Bankruptcy Code defines "property of the estate" broadly to include "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Specifically, it "includes causes of action belonging to the debtor at the time the case is commenced." 5 Collier on Bankruptcy ¶ 541.07 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2012) ("Property of the estate includes causes of action about which the debtor was not aware prior to the bankruptcy petition."); Inner City Mgmt., LLC v. JKV Real Estate Serv. (In re Bogdan), 414 F.3d 507, 512 (4th Cir. 2005).

---

³The relevant portion of the state court order states as follows:

**ORDERED AND ADJUDGED** that the Court DEFERS RULING on said motion [for summary judgment] until the trustee assigned to the 1998 bankruptcy involving Plaintiff either assigns the subject claim to the Plaintiff or elects not to do so. Whether the claim is assigned to the Plaintiff or not, this Court makes no ruling at this time as to whether the Plaintiff can acquire standing by having the trustee assign said claim to the Plaintiff.

(emphasis in original).

The trustee may, however, "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). "[T]he only concern of the trustee in determining whether to abandon a claim is whether such action would be in the best interest of the estate." In re Wilson, 94 B.R. 886, 889 (Bankr. E.D. Va. 1989). "Abandonment, once accomplished in accordance with § 554, removes the property in question from the bankruptcy estate and results in the trustee losing all interest, rights and control with respect to the abandoned property." In re Nieves, No. 03–82868, 2004 WL 1052964, at *1 (Bankr. M.D.N.C. Mar. 22, 2004).

> Section 554 provides for three methods by which property of the estate may be abandoned: (1) property may be abandoned by the trustee after notice and a hearing; (2) the court may order abandonment upon the request of a party in interest; or (3) property scheduled but not otherwise administered at the time of the closing of a case is abandoned to the debtor. 11 U.S.C. § 554. The last method, set forth in § 554(c), is frequently referred to as a "technical abandonment" due to the fact that it occurs by operation of law, rather than by an affirmative act by the trustee or a party in interest.

In re Locklair, No. 03–50924, 2006 WL 1491440, at *1 (Bankr. M.D.N.C. May 18, 2006) (citing 11 U.S.C. § 554); see, e.g., 11 U.S.C. § 554(b) (authorizing the court, in its discretion, to "order the trustee to abandon any property of the estate . . . ."); Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.), 816 F.2d 238, 246 (6th Cir. 1987) (emphasizing that Congress gave courts the power to order the trustee to abandon property of the estate under § 554(b) to combat "the practice of selling burdensome or valueless property simply to obtain a fund for their own administrative expenses."); but see In re Anderson, 357 B.R. 452, 471 (Bankr. W.D. Mich. 2006) (indicating that "compelled abandonment is not available where administration promises a benefit to the estate."). The trustee must either "fish or cut bait," see 5 Collier on Bankruptcy ¶ 554.02[2]–[3], therefore, any failure to promptly seek abandonment of property that is burdensome or of inconsequential

4

benefit to the estate authorizes parties in interest to move the court for an order directing the trustee to abandon that particular asset. 11 U.S.C. § 554(b).

The court finds, based on the record, that the debtor did not list the claims asserted against Halmos in the state court litigation nor did he list the 24,000 shares of stock he allegedly purchased from Halmos in the schedules filed in his bankruptcy case. Since the case was reopened in September 2012, the trustee has not taken any affirmative action to administer or abandon the claims asserted by the debtor in the state court litigation. Furthermore, the trustee did not voice any objection or opposition to the motion seeking an order directing him to abandon these claims to the debtor. Accordingly, the court finds that the administration of these claims in the state court litigation by the trustee would be burdensome and of inconsequential value to the estate and, therefore, they are deemed abandoned to the debtor.

Based on the foregoing and in accordance with the court's ruling at the conclusion of the hearing, the debtor's motion is **ALLOWED.**

**END OF DOCUMENT**